**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

ROBERT L. WILLIAMS,
*Defendant-Appellant.*

No. 01-4515

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Cameron McGowan Currie, District Judge.
(CR-00-922)

Submitted: January 31, 2002

Decided: March 12, 2002

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Robert J. Harte, ROBERT J. HARTE, P.C., Aiken, South Carolina,
for Appellant. William Kenneth Witherspoon, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert L. Williams appeals his conviction and sentence for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a) (1994). Williams noted a timely appeal to his conviction and his counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel considered and rejected the possibility that the district court erred in denying counsel's motion for a mistrial following a reference at trial to Williams' invocation of his Fifth Amendment right to remain silent. The time for filing a supplemental brief has passed and Williams has not filed a brief despite being advised of his right to do so and obtaining an extension of the deadline for filing. Because we find counsel's assignment of error to be without merit and can discern no other reversible error in the record on appeal, we affirm Williams' conviction and sentence.

On appeal, Williams' counsel suggests that a comment, volunteered by one of the arresting officers during cross-examination indicating that Williams opted to exercise his right to remain silent upon arrest, violated his rights under *Doyle v. Ohio*, 426 U.S. 610, 619 (1976). In determining whether the comment constitutes reversible error, a court must consider: (1) how the prosecutor used the post-arrest silence; (2) which party opened the line of questioning; (3) other evidence of defendant's guilt; (4) the frequency and intensity of the prosecutor's reference; and (5) the opportunity for the district court to grant a mistrial or give a curative instruction to the jury. *Williams v. Zahradnick*, 632 F.2d 353, 361-62 (4th Cir. 1980). Subjecting the record to that analysis, we have no difficulty in concluding that the witness's stray remark was harmless. The singular comment was not intentionally elicited by the prosecution and the district judge struck the comment and instructed the jury that the fact that Williams declined to make a statement was not a matter for their consideration. Williams's due process rights were not adversely affected. *See id.*

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible

issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Williams' conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*